IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LITTLE JOHNNY JOHNSON, § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:16-CV-3196-L (BT) |
| § | |
| LORIE DAVIS, *Director* TDCJ-CID, § | |
| Respondent. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Little Johnny Johnson, a Texas prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated, the petition should be DENIED.

### I.   Procedural Background

By this action, Petitioner challenges his 2015 conviction for aggravated robbery. *State of Texas v. Little Johnny Johnson*, No. F-1553460-N (195th Jud. Dist. Ct., Dallas County, Tex., Nov. 5, 2015). After a jury found him guilty, Petitioner entered a plea agreement for a sentence of seven years in prison. He did not file an appeal.

On August 8, 2016, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Johnson*, Application No. 21,399-05. On September 21, 2016, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court without a hearing.

1

Petitioner filed this § 2254 petition in federal court on November 8, 2016, and on February 7, 2017, he filed an amended petition. These petitions challenge his conviction on multiple grounds and assert the following claims:

1. Petitioner received ineffective assistance of counsel when trial counsel:

    (a) failed to meet with Petitioner until four months after counsel was appointed;

    (b) failed to investigate the complainant's cell phone video or present evidence of the video at trial;

    (c) failed to argue Petitioner's motion for a speedy trial or his motion for bail reduction;

    (d) worked with the prosecution to transfer Petitioner's case to a courtroom that was more favorable to the prosecution;

    (e) failed to investigate the video surveillance cameras at the gas station where the offense occurred;

    (f) failed to impeach the State's witnesses with their prior convictions and prior inconsistent statements;

    (g) failed to inform the jury of positive facts about Petitioner;

    (h) failed to inform the jury that Steve Walker had a history of taking property from the Salvation Army; and

    (i) induced Petitioner to plead guilty with false information that the jury had already convicted him;

    2.    Petitioner's trial was fundamentally unfair because:

        (a)    trial counsel admitted during trial that Petitioner was guilty;

        (b)    trial counsel failed to highlight the witnesses' inconsistent statements;

    3.    The evidence was legally insufficient to support the conviction;

    4.    The State committed prosecutorial misconduct when the prosecutor:

        (a)    coached and coerced witnesses into making up facts;

        (b)    failed to investigate the alleged cell phone video of the offense; and

        (c)    knowingly and intentionally used perjured testimony.

On June 15, 2017, Respondent filed her answer. On September 7, 2017, Petitioner filed his reply. The petition is now ripe for determination.

## II. **Factual Background**

At trial, Javance Johnson, an employee of the Salvation Army, testified that on April 6, 2015, Johnson received a call that someone was breaking into the Salvation Army building. (ECF No. 17-7 at 14.) Johnson notified his supervisor, Jerry Maxie, and the two men drove a van to the location of the reported criminal activity. (*Id.*) Near the Salvation Army building, Johnson and Maxie found two people with items that had been reported missing: an auger, a lawnmower, and a blower. (*Id.* at 17.)

Johnson testified he and Maxie saw Petitioner pushing the lawnmower, with another man who had the auger and blower. (*Id.*) Maxie stopped the van, and both Maxie and Johnson exited and asked for the property back. The man with the auger and blower, a man named "Knockout," crossed the street to run away when confronted. Petitioner remained where he was and told them "this isn't your stuff." (*Id.* at 18-19.) Petitioner continued walking with the lawnmower, and Johnson followed him on foot. (*Id.* at 20.) Johnson took photos of Petitioner with his phone so that Petitioner could be identified. (*Id.* at 20–21.) Johnson and Maxie testified that after following Petitioner for some time, they noticed that Petitioner had a box cutter. (*Id.* at 23, 57.) Johnson testified Petitioner lunged at him with the box cutter, and that Johnson and Maxie retreated. (*Id.* at 23–26.) Johnson and Maxie called police and then followed Johnson into a "homeless encampment," where Johnson and Maxie retrieved the lawnmower. (*Id.* at 27–28, 58-59.)

Johnson testified he and Maxie returned to the Salvation Army building. (*Id.* at 29.) The police were there, and Johnson and Maxie reported the incident to police. (*Id.* at 29–30, 60.) At that point, Petitioner approached on foot. (*Id.* at 30–31, 61.) Johnson told the police that Petitioner was the man who had tried to steal the lawnmower, and the police detained Petitioner. (*Id.* at 31, 61.) They searched Petitioner's pocket and found a box cutter. (*Id.* at 31.) The police then arrested Petitioner. (*Id.* at 61.)

### III. <u>Discussion</u>

### 1. **Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2254, provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 384-90 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

5

## 2.     Statute of Limitations

Respondent argues that several of the claims raised in the amended petition filed on February 7, 2017—the claims identified above as claims 1(c), 1(d), 1(e), 1(g), 1(h), 1(i), and 4(c)—are barred by the statute of limitations.  In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]

On November 5, 2015, the trial court sentenced Petitioner to seven years in prison.  He did not file an appeal.  His conviction therefore became final thirty days later on December 5, 2015.  *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires,

---

[1]     The statute provides that the limitations period shall run from the latest of—

    (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

regardless of when mandate issues).[2]  Petitioner then had one year, or until December 5, 2016, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations.  *See* 28 U.S.C. § 2244 (d)(2).  On August 8, 2016, Petitioner filed a state habeas petition.  This petition tolled the limitations period for forty-five days, until it was denied on September 21, 2016.  When forty-five days were added to the December 5, 2016, AEDPA deadline, the new deadline became January 19, 2017.  Petitioner did not file his amended claims raising claims 1(c), 1(d), 1(e), 1(g), 1(h), 1(i), and 4(c) until February 7, 2017.

Petitioner argues the claims in his amended petition relate back to the filing of his original petition.  Under Federal Rule of Civil Procedure 15(c), "[a]n amendment to a pleading relates back to the date of the original pleading when … the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).

"New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance of counsel claims simply because they violate the same constitutional provision.  Rather, [courts] must look to whether [petitioner's] new claim asserts 'a new ground for relief supported by facts that

---

[2]   Respondent argues the challenged conviction became final on the date Petitioner was sentenced because Petitioner waived his right to appeal.  The Fifth Circuit has not decided this issue, and the Fifth Circuit declined to reach the issue in *Rodriguez v. Thaler*, 664 F.3d 952, 953 n.1 (5th Cir. 2011).  In this case, the Court finds the conviction at issue became final after expiration of the statutory appeal time.

7

differ in both time and type from those the original pleading set forth.'" *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) (quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005)); *see also, Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) (finding ineffective assistance claims do not relate back merely because they arose from the same trial or sentencing proceeding); *United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000) (rejecting defendant's argument that his new claims should relate back because the "'occurrence' for purposes of Rule 15(c) should be the entire trial and sentencing proceeding . . . ."); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (finding counsel's "[failure] to file an appeal is a separate occurrence in both time and type from counsel's failure to pursue a downward departure or counsel's failure to object to the type of drugs at issue.").

Here, the Court finds that Petitioner's claim 4(c), which alleges the State committed prosecutorial misconduct when it knowingly and intentionally used perjured testimony, relates back to his original petition because the claim relies on the same facts as claim 4(a), raised in the original petition, which alleged that the prosecutor committed misconduct when she coerced witnesses into making up facts. The Court therefore finds this claim is not barred by the statute of limitations.

However, the remaining claims asserted in the amended petition are time-barred. These claims allege Petitioner received ineffective assistance of counsel when trial counsel: failed to advance Petitioner's motion for speedy trial or his

8

motion for bail reduction, claim 1(c); worked with the prosecutor to transfer the case to a courtroom more favorable to the prosecution, claim 1(d); failed to investigate video surveillance cameras at the gas station where the incident occurred, claim 1(e); failed to inform the jury of positive facts about Petitioner, claim 1(g); failed to inform the jury that Steve Walker had a history of taking property from the Salvation Army, claim 1(h); and induced Petitioner to plead guilty with false information that the jury had already convicted him, claim 1(i). These claims assert new grounds for relief supported by different facts from the claims in the original petition.[3] Therefore, these claims do not relate back to the filing of the original petition. Petitioner has also stated no facts supporting equitable tolling of the limitations period. Petitioner's claims 1(c), 1(d), 1(e), 1(g), 1(h), and 1(i) are time-barred.

### 3. Procedural Bar

Respondent argues that Petitioner's claims 1(f), 2(a), 2(b), and 4(c) are procedurally barred because Petitioner failed to raise these claims in state court.[4]

---

[3]   In the original petition, Petitioner alleged that he received ineffective assistance of counsel when counsel failed to meet with him for four months, claim 1(a); Petitioner received ineffective assistance of counsel when counsel failed to investigate the complainant's cell phone video and present that video at trial, claim 1(b); the trial was fundamentally unfair when counsel admitted at trial that Petitioner was guilty, claim 2(a); the trial was fundamentally unfair when counsel failed to highlight the State's witnesses inconsistent statements, claim 2(b); the evidence is insufficient to support the conviction, claim 3; and the State committed prosecutorial misconduct, claim 4.

[4]   In claim 1(f), Petitioner claims he received ineffective assistance of counsel when trial counsel failed to impeach the State's witnesses with their prior convictions and inconsistent statements. In claims 2(a) and 2(b), Petitioner argues the trial was fundamentally unfair because trial counsel admitted during trial that Petitioner was guilty and because counsel failed to point out the State's witness's inconsistent statements. In claim 4(c), Petitioner contends the State committed prosecutorial misconduct when it knowingly and intentionally used perjured

A petitioner must fully exhaust state remedies before seeking federal habeas relief.  *See* 28 U.S.C. § 2254(b).  This requires a petitioner to present his claims to the highest available state court for review.  *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999).  A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus.  *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

Here, the Court finds Petitioner exhausted claim 4(c), alleging the State committed prosecutorial misconduct when it knowingly and intentionally used perjured testimony, by raising this claim on state habeas review.  (*See* ECF No. 17-11 at 42.)  The Court therefore declines to find claim 4(c) unexhausted and procedurally barred.

However, Petitioner failed to raise claims 1(f), 2(a), and 2(b) in state court.  The Texas Court of Criminal Appeals has therefore not reviewed these claims.  If this Court were to require Petitioner to return to state court to exhaust these claims, they would be subject to dismissal as an abuse-of-the-writ.  *See* Tex. Code Crim. Proc. art. 11.07 § 4; *see also Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (stating the Texas Court of Appeals applies its abuse-of-the-writ rules regularly and strictly).

---

testimony.  Respondent also argues that Petitioner's claims 1(c), 1(d), 1(e), 1(g), 1(h), and 1(i) are procedurally barred.  As discussed above, the Court finds these claims are time-barred and therefore declines to address the claims as procedurally barred.

10

Respondent also argues that Petitioner's claim 3, alleging the evidence was insufficient to support the conviction, is procedurally barred because the state court found the claim procedurally defaulted. Although Petitioner raised his sufficiency of the evidence claim in his state habeas petition, he failed to raise the claim on direct review. The state habeas court found the claim procedurally barred because Petitioner was prohibited from raising claims in his habeas petition that could have been raised on direct review. (ECF No. 17-11 at 76.)

Federal courts may not review a state court decision that rests on an adequate and independent state procedural default, unless the petitioner can demonstrate either cause or prejudice for the default, or that the court's failure to consider the claims will result in a fundamental miscarriage of justice. *Ries v. Quarterman*, 522 F.3d 517, 523-524 (5th Cir. 2008) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Petitioner has stated no cause for his failure to present claim 3 to the Texas Court of Criminal Appeals. He has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted

11

him in light of the new evidence. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner has failed to present any new, reliable evidence showing that it is more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on this claim.

The Court considers Petitioner's remaining claims on the merits.

### 4.    Ineffective Assistance of Counsel

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the

12

defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* at 313 (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### A.     Failed to Timely Meet with Petitoner

In claim 1(a), Petitioner argues trial counsel was ineffective when counsel did not meet with Petitioner for four months, which Petitioner claims denied him the opportunity to seek an examining trial and file pretrial motions.

Under Texas law, a defendant in a felony case is entitled to a pre-indictment examining trial. Tex. Code Crim. Proc. art. 16.01. A primary purpose of an examining trial is to determine if there is probable cause to hold a defendant for trial. *State ex. rel. Homes v. Salinas*, 784 S.W.2d 421, 424 (Tex. Crim. App. 1990) (citations omitted). The right to an examining trial terminates upon return of an indictment. *Id.*

Here, the trial judge signed an order appointing counsel on April 8, 2015. (ECF No. 17-11 at 61.)  Petitioner was indicted on April 30, 2015. (*Id.* at 78.) Petitioner has failed to show a reasonable probability that had his counsel filed a motion for examining trial, the court would have granted the order, and an examining trial would have been scheduled and concluded prior to the April 30, 2015, indictment. Petitioner has also made no showing that the court would have found insufficient probable cause to hold him over for trial.

Additionally, Petitioner has failed to show his counsel was unable to file any necessary pretrial motions or seek discovery. The record shows counsel

13

received discovery from the State on July 21, 2015, October 27, 2015, October 30, 2015, and November 3, 2015. (ECF No. 17-11 at 64, 66, 68, 69-74.) Petitioner has failed to establish his counsel was deficient or that he suffered the required *Strickland* prejudice.

### B.   Improper Investigation

In claim 1(b), Petitioner alleges his counsel was ineffective when trial counsel failed to investigate video of the offense and present that video to the jury.

The record shows complainant Javance Johnson testified that he attempted to take video of the incident with his cell phone. (ECF No. 17-7 at 31.) Johnson stated that because he was also using his cell phone to talk with the 911 operator, the phone would not record video. (*Id.* at 31-32.) Johnson stated he was only able to record a "snippet" of video that would not play because it was too short. (*Id.* at 32, 36.)

The prosecutor's notes also confirm that no video was available. Although the prosecutor's August 11, 2015, notes stated that Javance Johnson took video of the incident, her later September 9, 2015, notes stated that Johnson told her he did not take video of the incident because the video would not work. (ECF No. 17-11 at 72.)

Petitioner has failed to show his counsel was ineffective for failing to investigate the video or present a video to the jury. This claim should be denied.

## 5. Prosecutorial Misconduct

In claims 4(a), 4(b), and 4(c), Petitioner claims the prosecutor coached or coerced the complainant Javance Johnson and another witness to make up claims supporting an aggravated robbery, that the prosecutor knowingly used perjured testimony, and that the prosecutor failed to investigate the cell phone evidence.

Prosecutorial misconduct implicates due process concerns. *Foy v. Donnelly*, 959 F.2d 1307, 1316 (5th Cir. 1992). When a petitioner asserts a due process violation, the Court must determine whether the prosecutorial conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). In the habeas context, the appropriate review for such allegations is "the narrow one of due process, and not the broad exercise of supervisory power." *Id.* (quoting *Donnelly,* 416 U.S. at 642).

Here, Petitioner submits no evidence that any witness was coached or coerced, or that the prosecutor knowingly submitted perjured testimony. As discussed above, the record also disputes Petitioner's claim that the prosecutor failed to investigate whether Javance Johnson had cell phone video of the incident. Petitioner's conclusory claims should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

**6.     Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## III.  Recommendation

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be DENIED with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed May 9, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).